UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MCLENNAN, | Case No. CV 17-7825-CJC (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| SAN BERNARDINO COUNTY SHERIFFS DEPARTMENT, et al., | |
| Defendants. | |

**PROCEEDINGS**

On October 25, 2017, Kenneth McLennan ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

For the reasons set forth below, the Court finds that the Complaint should be dismissed with leave to amend.

**PLAINTIFF'S ALLEGATIONS**

Plaintiff's Complaint sets forth a claim for excessive force against the San Bernardino County Sheriffs Department ("Department"), Sergeant Tim Visoky, Detective Michael Sandin, Deputy Eric Rose, and Deputy Eugene Mondragon (collectively, "Defendants"). Plaintiff alleges the following:

On January 12, 2017, Deputies with the Special Enforcement Task Force of the Department entered Plaintiff's residence without a warrant and used excessive force while arresting Plaintiff. (Complaint at 5.) Plaintiff was arrested in his residence and placed in handcuffs. While Plaintiff was handcuffed and compliant, two officers struck him numerous times in the face, pulled his hair, and choked, kicked, and hit him. Officers also stole Plaintiff's money. Plaintiff was taken to Arrowhead Medical Center for treatment. No charges were ever filed against Plaintiff. (Complaint at 5-6.)

## DISCUSSION

### I.    PLEADING STANDARDS

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely

3

clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend.  Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

## II.    PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE DEPARTMENT OR THE OTHER DEFENDANTS IN THEIR OFFICIAL CAPACITIES

Plaintiff has sued the Department and Defendants Visoky, Sandin, Rose, and Mondragon in their official capacities only.  (Complaint at 3-4.)  The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."  Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official personally, for the real party in interest is the entity."  Graham, 473 U.S. at 159.  Thus, Plaintiff's suit against Defendants Visoky, Sandin, Rose, and Mondragin in their official capacities is tantamount to a suit against the Department.

A local governmental entity, such as the Department, "may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."  Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 694 (1978).  Thus, "[i]n order to hold [a local government defendant] liable under § 1983, [Plaintiff] must show (1) that he possessed a constitutional right of which he was deprived; (2) that the [local government entity] had a policy; (3) that the policy amounts to deliberate indifference to [Plaintiff's] constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'"  Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (citations and internal quotation marks omitted); Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).  "There also must be a 'direct causal link'

between the policy or custom and the injury, and [Plaintiff] must be able to demonstrate that the injury resulted from a 'permanent and well settled practice.'" <u>Anderson</u>, 451 F.3d at 1070 (citation omitted); <u>Villegas v. Gilroy Garlic Festival Ass'n</u>, 541 F.3d 950, 957 (9th Cir. 2008) (en banc). A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee. <u>City of Oklahoma v. Tuttle</u>, 471 U.S. 808, 823-24 (1985).

Here, Plaintiff has failed to identify any policy statements, regulations, officially adopted or promulgated decisions, customs, or practices by which any defendant allegedly inflicted the injuries about which Plaintiff is complaining. Plaintiff alleges no facts to support a claim against the Department or Defendants Visoky, Sandin, Rose, or Mondragon in their official capacities.

Thus, Plaintiff's claims against the Department and Defendants Visoky, Sandin, Rose, and Mondragon in their official capacities are subject to dismissal for failure to set forth facts to support a <u>Monell</u> claim. If Plaintiff chooses to file an amended complaint, he should <u>not</u> sue the Department at all, nor should he sue Defendants Visoky, Sandin, Rose, or Mondragon <u>in their official capacities</u> unless he can allege specific <u>facts</u> demonstrating that the Department has a policy, regulation, custom, or practice by which the Defendants inflicted the injuries about which Plaintiff is complaining.

**III.    PLAINTIFF MUST NAME THE OFFICERS IN THEIR INDIVIDUAL CAPACITIES AND MUST DEMONSTRATE PERSONAL PARTICIPATION IN THE ALLEGED CIVIL RIGHTS VIOLATIONS**

Plaintiff asserts that on January 12, 2017, Defendants Visoky, Sandin, Rose, and Mondragon entered his residence without a warrant, handcuffed him, beat him, and stole his money. As a result of the beating, Plaintiff suffered injuries and required medical treatment.

For purposes of screening, it appears that these allegations are sufficient to state a civil rights claim against at least some of the officers in their individual capacities. However, Plaintiff has not named these defendants in their individual capacities, only in their official capacities.

Plaintiff also has not specifically articulated the particular acts allegedly perpetrated by each officer. In other words, Plaintiff has not explained clearly which officers did which acts. To demonstrate a civil rights violation, a plaintiff must show either direct, personal participation or some sufficient causal connection between the defendants' conduct and the alleged constitutional violation. See Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011). Plaintiff's allegations regarding the civil rights violations are conclusory and vague. Plaintiff must include specific facts showing the personal participation of individual defendants in the alleged violations. Iqbal, 556 U.S. at 676 (holding that a complaint must include specific facts for a plausible claim). Plaintiffs must identify how the individual defendants personally participated in the allegedly wrongful conduct. Accordingly, Plaintiff's claims against Defendants must be dismissed with leave to amend.

If Plaintiff chooses to file an amended complaint, he should name the officers in their individual capacities. He also should plead additional facts regarding the circumstances surrounding the incident at issue in accordance with the standards set forth above by explaining how each named officer allegedly participated in allegedly wrongful conduct.

\* \* \* \*

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order**.

DATED: <u>December 1, 2017</u>

<u>          */s/ John E. McDermott*          </u>
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE